By the Court.—Sedgwick, Ch. J.
—On the affidavits below, the defendant was not entitled to a finding that the settlement made between the parties embraced the costs of the action as well as the cause of action. The plaintiff disputed that it did, and the affidavits seem to show that the costs of the action were not regarded by either party. I do not perceive that under the facts of the case, especially the character of the settlement, the plaintiff’s attorney was bound to stay proceedings in the action or to discontinue without costs. The defendant, in order to prevent the consequences of not serving an answer, should have served one, setting up such defense" as might be made. If he chose to rely upon the compromise, and not upon a denial of any indebtedness, such a defense would involve the defendant being responsible for the costs of the action up to the time of settlement, at least, unless he alleged and proved that the compromise included the costs.
The plaintiff not being irregular in entering judgment, for default of answer, on the motion to open the default and allow defendant to plead, there were at least two questions. One was, to- what extent did the defendant show that he had a defense to the action % The other was, on what terms should he be allowed to defend ?
Under the first question, the defendant was bound to show affirmatively what his defense was. Strictly, he should have served with his- motion papers a copy of the . proposed answer. He presented an affidavit of merits in the usual form, and his attorney also made affidavit as to a good and substantial defense upon the merits. As matter of practice, this by itself would not have been sufficiently specific. And if nothing more had been shown as to a defense, it would have required a denial of the motion. The *92 papers in other parts show, however, what was the defense • intended, and the order tq show cause stated as ground for the relief asked, “that the claim upon which this action was founded had been paid and settled in full prior to the entry of said judgment.” It has been already said, that the defense, properly pleaded, would not have, been a bar to the action, from the time of its beginning but to the continuance of the action, after the settlement, and would involve the defendant’s paying the hosts to the time of settlement. If, therefore, the judgment had been only for $50, the amount of the settlement and the costs of the action, with a satisfaction as to the amount of the $50, the defendant would not have been entitled to relief, and the motion would have been properly denied, with $10 costs. In that event, it would not have been necessary to determine what terms should be imposed upon the defendant as a condition of opening a judgment that had been regularly taken.
The papers for plaintiff show that they did compromise the claim made in the complaint for the $50, which the defendant paid, and that their attorney knew that a settlement had been made, so far as the claim was concerned. The x plaintiff’s attorneys wrote a letter to defendant’s attorney, saying that they understood that some money had been paid for a settlement, but that, as it was made without their knowledge, “we shall not ratify the settlement, unless our costs are paid and our lien discharged.” A letter of the plaintiff admits impliedly the settlément of the claim, but asserts that in making it nothing was said about the suit, and ended, we “ prefer that you enforce your lien for the costs and services in the case against the subject matter of the action.” An affidavit of one of the attorneys for plaintiff says “that plaintiff’s attorneys have a lien upon the judgment entered in this action for $67.27, being the amount of their services, which were to be and are whatever amount was recovered over $50 and the taxable costs; that the said lien is wholly unpaid and wholly unsatisfied, and the plaintiff refuses to pay the same, and the validity thereof depends upon the judgment entered herein which stands of *93 record to the amount of said lien only.” This seems to be hardly more than a statement of certain conclusions of the affiant-, and not to contain a statement of facts as to any agreement between the parties as to the compensation of the attorneys. The judge below would have been justified in holding that the plaintiff’s attorney did not show that there had been an express agreement as to compensation. If, however, it be taken that there is enough to show that there was an agreement that the attorney should have, as compensation, the taxable costs and whatever amount beyond $50 might be recovered, the practical result, in my judgment, should be the same.
Under the notion that the attorneys held under section 66 of the Code of Civil Procedure, a lien, for the amount of their compensation, of the kind indicated, upon the cause of action, which attached to the judgment when entered, they proceeded to enter judgment fob the whole amount claimed in the complaint, of $87.50, and as interest $11.19, and $18.58 as costs and disbursements. They afterwards satisfied this to the extent of $50, calling it in the satisfaction-piece “part payment” of the judgment. It has been noticed that the plaintiff’s attorneys do not deny that as between the parties to the action, the cause of action has been definitely settled. The only fact to the contrary is that the attorneys chose to apply the $50 to the judgment as if it were a payment on account. They had no authority to make this use of the amount. This error will not affect the result. The attorneys claim that although there was this sufficient and valid compromise, nevertheless, as they had alien, they can prosecute the action on its original merits disregarding the compromise.
It will not be necessary to give a full construction of section 66, for, in my judgment, it is not necessary to go farther than to say, that the lien is upon the actual cause of action and not upon the alleged cause of action. A cause of action exists and has its validity without its being stated in a pleading. What proof is there here that the cause of action which the plaintiffs had is other, than a legal right to *94 recover $50 ? I do not see anything to show that plaintiffs were entitled to recover more than this amount. This has to be shown as against the defendant. Against him, tile complaint does not prove it. Nor does his default of an answer prove it, in view of the facts shown, which include the settlement. The plaintiff’s attorneys claim the power to proceed with the action, irrespective of the otherwise manifest fight of the plaintiff to agree to a compromise, and this power is claimed because the attorneys assert a lien. Assume that the parties had no right .to agree that the amount due was less than in fact it was, the attorneys must show that the amount was less. There is no proof of this. In truth, the attorneys claim the right to proceed with the action for the purpose of showing that more than $50 was due. At least, such is the nature of the claim in its essential character, as would be shown if an answer had been served. Parties, however, do' not always succeed in proving what they assert. The plaintiff might be unsuccessful, i and it would then appear that the attorneys had no lien beyond the taxable costs. The experiment that the theory of the respondent proposes should not be made at the expense of both the parties.
What has been said does not refer to the taxable costs. It would appear that the attorneys had a lien for them. The motion should have been denied as to them. The judgment as to the amount of recovery should have been reduced to $50. It was correct to provide that the motion costs be paid by the defendant.
Although this result requires a modification of the order made below, it seems to be in accordance with McCabe v. Fogg (2 Month. Law Bull. 7.)
Order modified as indicated above, without costs to either party.
Truax and O’Gorman, JJ., concurred.